# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

RECEIVED
SUSSEX COUNTY SHERIFF

2015 JUL 30  AM 8: 50

NORFOLK, SS.

NORFOLK SUPERIOR COURT
DOCKET NO.

PERSONALLY SERVED  8/5/15
AT  11:20 (A.M./P.M.

_Roseann Welsh_

|  |  |  |
|---|---|---|
| JOHN DISTASIO,<br>      Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| SELECTIVE INSURANCE COMPANY<br>      Defendant | ) | |

PARTIES

1. The Plaintiff, John J. Distasio, is an adult resident of Massachusetts, residing at 41 Union St, Holbrook, Massachusetts, Norfolk County.

2. The Defendant, Selective Insurance Company, is a company engaged in the business of providing motor vehicle insurance within the Commonwealth of Massachusetts, with a place of business at 40 Wantage Avenue, Branchville, New Jersey, Sussex County.

FACTS

3. At all times pertinent in this action, Route 3 North, was and still is a public way.

4. On or about October 26, 2012, the Plaintiff was operating a company vehicle of Defendant's insured, South Shore Upholstery, with authorization of the owners/managers of the vehicle/business.

5. On or about Friday, October 26, 2012, the Plaintiff was involved in a motor vehicle collision when another driver negligently and carelessly operated a motor vehicle and rear-ended the Plaintiff's vehicle.

6. As a result of the accident the Plaintiff suffered injuries.

7. All of the medical treatment rendered to the Plaintiff as the result of the October 26, 2012 motor vehicle collision was reasonable and necessary, and all medical bills and expenses incurred in connection with such treatment were reasonable and necessary.

8. On October 26, 2012, the Defendant's insured, South Shore Upholstery, had a motor vehicle policy of insurance with the Defendant, Selective Insurance Company.

9. This policy included Personal Injury Protection (PIP) coverage and Underinsured Motorist (UIM) coverage.

10. The Plaintiff is entitled to PIP and UIM coverage under the Defendant's insured's motor vehicle insurance policy.

11. Following the collision, the Plaintiff submitted a claim for PIP and UIM benefits to the Defendant, Selective Insurance Company.

12. The Plaintiff cooperated with the investigation conducted by the Defendant, Selective Insurance Company.

13. On May 28, 2015, the Defendant, Selective Insurance Company, denied the Plaintiff's claim under the PIP and UIM portions of the insurance policy.

## COUNT I-ARBITRATION

14. Plaintiff hereby realleges and incorporates herein paragraphs 1-13.

15. The Plaintiff is entitled to the benefit of the UIM coverage provided by the motor vehicle insurance policy issued by the Defendant, Selective, to their insured, South Shore Upholstery.

16. Under the terms of such coverage, the Defendant, Selective Insurance Company, is required to submit to an arbitration of the Plaintiffs claims under such portion of the policy.

17. The Defendant, Selective, refused to submit to arbitration.

18. Pursuant to M.G.L. c. 251 §2, the Plaintiff requests that the Court enter an order directing the Defendant, Selective Insurance Company, to proceed to arbitration on the Plaintiff's PIP and UM claims.

## COUNT II - VOLATION OF M.G.L. c. 90 § 34M

19. Plaintiff hereby realleges and incorporates herein paragraphs 1-18.

20. As the result of the October 26, 2012 motor vehicle collision, the Plaintiff is entitled to PIP benefits coverage from the Defendant, Selective Insurance Company.

21. The Plaintiff submitted a timely claim for PIP benefits, and cooperated fully and completely with the Defendant's investigation.

22. All of the medical treatment rendered to the Plaintiff as the result of the October 26, 2012 motor vehicle collision was reasonable and necessary, and all medical bills and expenses incurred in connection with such treatment were reasonable and necessary.

23. On or about May 28, 2015, the Defendant, Selective Insurance Company, denied the Plaintiffs claim for PIP benefits

24. Such denial violates M.G.L. c. 90 §34M.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to enter judgment against the Defendants, and further, to award damages, pursuant to M.G.L. c. 90 § 34M, along with interest, costs and reasonable attorney's fees as well as enter an Order for Arbitration, pursuant to M.G.L. c. 251 §2.

Respectfully submitted,
By Plaintiff's attorney,

DANE SHULMAN ASSOCIATES, LLC
Daniel E. Pogoda, Esq.
BBO#: 639874
1629 Blue Hill Avenue
Mattapan, MA 02126
(617) 298-2500
dpogoda@daneshulman.com

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF   NORFOLK | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| John Distasio | Selective Insurance Company |

| Plaintiff Atty | Daniel E. Pogoda | Type Defendant's Attorney Name |
|---|---|---|

Defendant Atty _____

| Address | 1629 Blue Hill Avenue | Address |
|---|---|---|

| City | Mattapan | State | MA | Zip Code | 02126 | City | | State | | Zip Code | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Tel. | +1 (617) 298-2500 | BBO# | 639,874 |
|---|---|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)        TRACK        **IS THIS A JURY CASE?**

| D99 Other Equitable Remedies (specify) - Fast Track |
|---|

M.G.L. c. 251 §2 and M.G.L. c.90 §34M

☐ ] Yes  ⊙ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
#### (Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................ $ 55,246.43
  2. Total doctor expenses ............................................. $
  3. Total chiropractic expenses ....................................... $
  4. Total physical therapy expenses ................................. $
  5. Total other expenses (describe) .................................. $
                                                      Subtotal  $ 55,246.43
B. Documented lost wages and compensation to date ................... $
C. Documented property damages to date .............................. $
D. Reasonably anticipated future medical expenses .................... $
E. Reasonably anticipated lost wages and compensation to date ........ $
F. Other documented items of damages (describe) ..................... $

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

Acute cervical strain/sprain, C5-6 and C6-7 herniation.

                                                      Total $ 55,246.43

### CONTRACT CLAIMS
#### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL    $...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        Date:   Jul 10, 2015

A.O.S.C. 3-2007

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court



CIVIL DOCKET # NOCV2015-00912-CNB
Courtroom Clerk's Office Room 7

RE:   **Distasio v Selective Insurance Company**
TO:

Daniel E. Pogoda, Esquire
Dane Shulman Associates LLC
1629 Blue Hill Avenue
Mattapan, MA 02126

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **05/06/2017**.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 10/14/2015 | 10/14/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 11/13/2015 | |
| All motions under MRCP 12, 19, and 20 | 11/13/2015 | 12/13/2015 | 01/12/2016 |
| All motions under MRCP 15 | 11/13/2015 | 12/13/2015 | 01/12/2016 |
| All discovery requests and depositions served and non-expert depositions completed | 05/11/2016 | | |
| All motions under MRCP 56 | 06/10/2016 | 07/10/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/07/2016 |
| Case shall be resolved and judgment shall issue by **05/06/2017** | | | **05/06/2017** |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 07/16/2015

Walter F. Timilty
Clerk of the Court

Telephone: (781) 326-1600 Ext. 371

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic   1423864.inIdoc01 Innonica